J-S31003-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DAVID CAMERON WILLIAMS, | |
| Appellant | No. 891 MDA 2014 |

Appeal from the Judgment of Sentence entered April 28, 2014
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0007073-2013

BEFORE: BENDER, P.J.E., ALLEN, J., and WECHT, J.

MEMORANDUM BY BENDER, P.J.E.:         **FILED JUNE 12, 2015**

David Cameron Williams (Appellant) appeals from the April 28, 2014 judgment of sentence of 12 months' probation, 192 hours of community service, and a $300.00 fine after a jury found him guilty of false identification to a law enforcement officer[1] and of the summary offense of defiant trespass.[2] Appellant now challenges the sufficiency of the evidence supporting his conviction for false identification to law enforcement authorities and the trial court's ruling that all evidence from his investigative detention was admissible. Appellant's counsel (Counsel) has

---

[1] 18 Pa.C.S. § 4914.

[2] 18 Pa.C.S. § 3503.

contemporaneously filed an "***Anders*** brief,"[3] wherein Counsel requests to withdraw from representation. We grant Counsel's petition to withdraw and affirm the judgment of sentence.

The trial court set forth a factual summary of this matter as follows:

- On August 14, 2013, Officer Timothy Clymer received an indication from a fellow officer that a black male wearing a black T-shirt and black hat was sitting on the front steps of 19 South West St. in York, PA (N.T., 3/6/14, page 48); and

- The property at 19 South West Street is posted with a visible yellow, "no trespassing" sign (N.T., 3/6/14, page 48); and

- Officer Clymer went to the location indicated, and observed an individual seated on the front steps of 19 S. West St. (N.T., 3/6/14, page 49); and

- Officer Clymer identified [Appellant] in court as the individual that was seated on those front steps (N.T., 3/6/14, page 49); and

- The Officer asked [Appellant] if he lived at that address, to which [Appellant] responded "no." (N.T., 3/6/14, page 49); and

- [Appellant] indicated he was with some people at **21** S. West St., next door (N.T., 3/6/14, page 49); and

- Officer Clymer advised [Appellant] that he was trespassing (N.T., 3/6/14, page 49); and

- Officer Clymer asked [Appellant] for his identification, but [Appellant] said he did not have it with him (N.T., 3/6/14, page 49); and

---

[3] *See **Anders v. California***, 386 U.S. 738 (1967); ***Commonwealth v. Santiago***, 978 A.2d 349, 361 (Pa. 2009).

- [Appellant] became agitated and the Officer put [Appellant] in handcuffs and detained him as part of a trespassing investigation (N.T., 3/6/14, page 49); and

- Officer Clymer again asked [Appellant] for his identification and his name, and [Appellant] gave the Officer the name "David Cameron." (N.T., 3/6/14, page 50); and

- [Appellant] told Officer Clymer that his middle name was "Danny" (N.T., 3/6/14, page 50); and

- Officer Clymer asked [Appellant] for his social security number, and [Appellant] said he could not remember (N.T., 3/6/14, page 50); and

- [Appellant] gave Officer Clymer a date of birth as December 18, 1979 (N.T., 3/6/14, page 50); and

- Officer Clymer ran the information [Appellant] provided through York County Control, but no record was found (N.T., 3/6/14, page 50); and

- The fact that no record was found indicated that [Appellant] was providing a false name (N.T., 3/6/14, page 51); and

- Officer Clymer told [Appellant] he believed [Appellant] was not giving him correct information, and that [Appellant] needed to provide his correct information (N.T., 3/6/14, page 51); and

- [Appellant] then gave his name as David **Williams** (N.T., 3/6/14, page 51); and

- When Officer Clymer ran the name "David Williams" with the date of birth [Appellant] had provided, a record came back from Pennsylvania for [sic] a photo identification. (N.T., 3/6/14, page 52).

Trial Court Opinion (T.C.O.), 7/29/2014, at 3-4 (emphasis in original).

We summarize the procedural history of this case as follows. On March 6, 2014, at the conclusion of a trial by jury, Appellant was found guilty and sentenced as stated above. Appellant filed a timely notice of

appeal on May 23, 2014. Subsequently, Appellant filed a timely statement of matters complained of on appeal pursuant to court order. The trial court submitted its opinion pursuant to Pa.R.A.P. 1925(a) on July 29, 2014.

On May 28, 2014, Counsel was appointed to represent Appellant on appeal. Thereafter, Counsel filed a petition to withdraw appearance under *Turner/Finley*[4] on November 10, 2014. This is a direct appeal, not a Post Conviction Relief Act petition.[5] Accordingly, this Court entered an order on December 5, 2014, denying the petition and directing Counsel to file either an *Anders* brief or an advocate's brief within 30 days.

On January 14, 2015, Counsel complied with this Court's order and filed an *Anders* brief. Accordingly, this Court notified Appellant that he is permitted to file a response to the petition to withdraw within 30 days from the date of the Order. Appellant has not filed a response.

In the *Anders* brief, Counsel raises the following issues on Appellant's behalf:

1. Whether the evidence presented by the Commonwealth at trial was insufficient to support the jury's verdict on the sole count False Identification to Law Enforcement?

2. Whether the trial court erred in its ruling that all evidence resulting from the investigative detention of [Appellant] was admissible at trial?

_____

[4] *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); C*ommonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988).

[5] 42 Pa.C.S. §§ 9541-9546.

*Anders* Brief, at 4.

When presented with an *Anders* brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw. *Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*) (citation omitted). In order for counsel to withdraw from an appeal pursuant to *Anders*, certain requirements must be met:

(1) counsel must petition the court for leave to withdraw stating that after making a conscientious examination of the record it has been determined that the appeal would be frivolous;

(2) counsel must file a brief referring to anything that might arguably support the appeal, but which does not resemble a "no merit" letter or *amicus curiae* brief; and

(3) counsel must furnish a copy of the brief to defendant and advise him of his right to retain new counsel, proceed pro se or raise any additional points that he deems worthy of the court's attention.

*Commonwealth v. Millisock*, 873 A.2d 748, 751 (Pa. Super. 2005).

In *Santiago*, our Supreme Court set forth specific requirements for an *Anders* brief, detailing the requirements necessary to satisfy the second element referenced above under *Millisock*:

[I]n the *Anders* brief that accompanies court-appointed Counsel's petition to withdraw, counsel must:

(1) provide a summary of the procedural history and facts, with citations to the record;

(2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

This Court must then conduct its own review of the record and independently determine whether the appeal is, in fact, wholly frivolous. *Id*.

In the case at bar, Counsel petitioned this Court for leave to withdraw on January 14, 2015. An *Anders* brief was subsequently filed by Counsel, accompanying the petition to withdraw. Counsel provided Appellant with a letter advising him of his rights.[6] As such, Counsel has complied with the procedural requirements of *Anders*.

We conclude that Counsel's *Anders* brief complies with the requirements of *Santiago*. First, Counsel provides a procedural and factual summary of the case with references to the record. Second, Counsel advances relevant portions of the record that arguably support Appellant's claims. Third, Counsel states in the conclusion that the appeal is nonetheless frivolous. Finally, Counsel articulates the relevant and supported arguments that led to the conclusion that the appeal is frivolous.

---

[6] *See Commonwealth v. Nischan*, 928 A.2d 349,353 (Pa. Super. 2007) which defines by law that the client must be apprised that they have the following rights: "(1) [to] retain new counsel to pursue the appeal; (2) [to] proceed *pro se* on appeal; or (3) [to] raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the *Anders* brief."

Based on the foregoing analysis, we conclude that Counsel has complied with the technical requirements for withdrawal. Having so decided, we undertake our own review of the record and independently determine whether the appeal is, in fact, wholly frivolous.

### Sufficiency of the Evidence

We first consider Appellant's challenge to the sufficiency of the evidence claim. Appellant argues that the evidence presented by the Commonwealth was insufficient to support the verdict on the sole count of false identification to law enforcement. Our review of sufficiency claims is governed by a well-established standard and scope of review:

> A claim challenging the sufficiency of the evidence is a question of law. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Where the evidence offered to support the verdict is in contradiction to the physical facts, in contravention to human experience and the laws of nature, then the evidence is insufficient as a matter of law. When reviewing a sufficiency claim the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

*Commonwealth v. Widmer*, 744 A.2d 745, 751-52 (Pa. 2000) (internal citations omitted).

Immediately, we note that Appellant did not preserve his sufficiency claim due to lack of specificity in his Rule 1925(b) statement. Therein, Appellant failed to identify the element upon which the evidence was arguably insufficient. *Commonwealth v. Williams*, 959 A.2d 1252, 1257 (Pa. Super. 2008). However, due to our independent review of Appellant's

claims, both articulated and unarticulated, we will consider the merits of the sufficiency argument on all elements, regardless of preservation.

The trial court found that Appellant furnished Officer Clymer with false information about his identity after being informed that he was the subject of an investigation into the offense of trespassing, thereby sufficiently satisfying the elements necessary for a reasonable jury to return a verdict of guilty. We agree.

> A person commits [false identification to law enforcement authorities] if he furnishes law enforcement authorities with false information about his identity after being informed by a law enforcement officer who is in uniform or who has identified himself as a law enforcement officer that the person is the subject of an official investigation of a violation of law.

18 Pa.C.S.A. § 4914.

The elements are more succinctly stated as, (1) giving a law enforcement officer false information about one's identity, (2) after being informed by a law enforcement officer, identified as such, that one is the subject of an official investigation. Appellant told Officer Clymer that his name was David Danny Cameron when, in fact, his name is David Cameron Williams,[7] satisfying the first element. Appellant gave this false name after having been handcuffed by a uniformed police officer and advised that he was being investigated,[8] satisfying the second element.

_____

[7] *See* N.T. at 50-51.

[8] *See* N.T., at 49.

When viewed in the light most favorable to the verdict winner, we hold that a jury could find that the Commonwealth met its burden of proof. Accordingly, we find that there was sufficient evidence to support the verdict.[9] We agree with Counsel's assertion that this claim is frivolous.

### *Suppression Motion*

Next, we consider Appellant's challenge as to whether the trial court erred in denying Appellant's Omnibus Pretrial Motion (Motion) seeking suppression of his statements made in response to Officer Clymer's questioning. Our standard of review regarding the admissibility of evidence is one of deference.

It is well settled that "[q]uestions concerning the admissibility of evidence lie within the sound discretion of the trial court, and [a reviewing court] will not reverse the court's decision on such a question absent a clear abuse of discretion." *Commonwealth v. Hunzer*, 868 A.2d 498, 510 (Pa. Super. 2005) (citation omitted). An abuse of discretion is "not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will." *Id*. (citation omitted).

_____

[9] Upon further analysis, we note that the elements of the summary offense of defiant trespass, 18 Pa.C.S. § 3503, are also met under a sufficiency analysis.

In the case at bar the trial court considered this argument regarding Appellant's Motion as follows:

In [Appellant]'s Motion and at the hearing thereon, [Appellant] contended that the stop was illegal, and that he was lawfully at 19 S. West St. because some of the people he was with lived in one of the two homes. However, the testimony at the hearing made it clear that:

- Officer Clymer observed [Appellant] sitting on the front steps of 19 S. West St.; and

- 19 S. West St. had a posted "no trespassing" sign; and

- [Appellant] admitted to Officer Clymer that he did not live at 19 S. West St. and that he was at that location to visit his friend who lived next door at 21 S. West St.

Given this testimony, it was reasonable for Officer Clymer to question [Appellant] as to whether he lived at 19 S. West St., and, given the answer, conclude that [Appellant] was, in fact, trespassing. As a result, the statements made by [Appellant] to Officer Clymer as to his identity were properly deemed admissible.

T.C.O., at 4-5.

In consideration of Appellant's claim in light of the **Anders** brief, we here conduct an independent review of the pertinent law. We consider the statements made by Appellant to Officer Clymer as two distinct series of statements. First, there were statements made by Appellant regarding his presence on the property, and the statements made by Appellant while he was in handcuffs. In order to determine the proper standard by which to analyze whether any of the statements should have been suppressed, we must first determine the context of the interaction between Appellant and

Officer Clymer. This Court has previously distinguished the different types of encounters with law enforcement officers concerning questioning.

> The first of these is a "mere encounter" (or request for information) which need not be supported by any level of suspicion, but carries no official compulsion to stop or respond. The second, an "investigative detention" must be supported by reasonable suspicion; it subjects a suspect to a stop and period of detention, but does not involve such coercive conditions as to constitute the functional equivalent of arrest. Finally, an arrest or "custodial detention" must be supported by probable cause.

*Commonwealth v. Phinn*, 761 A.2d 176, 181 (Pa. Super.2000) (quoting *Commonwealth v. Ellis*, 662 A.2d 1043, 1047 (Pa. 1995) (citations and footnotes omitted)).

In regard to statements made during a custodial detention, *Miranda*[10] is our well settled law on the matter.

> The Fifth Amendment right to counsel and the concomitant rights guaranteed by *Miranda* are only triggered when an individual is undergoing actual custodial interrogation. Whether a person is in custody for *Miranda* purposes depends on whether the person is physically denied his freedom of action in any significant way or is placed in a situation which he reasonably believes that his freedom of action or movement is restricted by this interrogation. The subjective intent of the interrogating officer is not relevant to a determination of whether an interrogation was custodial. Rather, the paramount focus is on whether the individual being interrogated reasonably believes that his freedom of action is being restricted.

---

[10] *Miranda v. Arizona*, 384 U.S. 436, (1966).

*Commonwealth v. Ellis*, 700 A.2d 948, 954 (Pa. Super.1997), *appeal denied*, 727 A.2d 127 (Pa. 1998) (most citations and quotation marks omitted).

We also note that not all statements made while under custodial detention are afforded **Miranda** protection. "Generally speaking, general information such as name, height, weight, residence, occupation, etc. is not the kind of information which requires **Miranda** warnings since it is not information generally considered as part of an interrogation." *Commonwealth v. Jasper*, 587 A.2d 705, 708–709 (Pa. 1991).

As detailed below, even under the strictest measure of protecting an individual's right to be free of unreasonable searches and seizures, Appellant's statements do not warrant exclusion. First, the statements made by Appellant initially, regarding his presence on the property, were responses to requests for information without restriction on Appellant's freedom to leave. This signals a "mere encounter" which does not require a **Miranda** warning. The police were present legally and the questions did not violate Appellant's rights. As such, there is no reasonable merit to suggest that the court erred in not suppressing this evidence. As to the second set of questions while Appellant was in handcuffs, we note that a reasonable suspicion was necessary to have effected an "investigative detention." We find no error in the trial court's determination that there was sufficient evidence to support reasonable suspicion. As stated above, an investigative detention does not require a **Miranda** warning. There is no issue with the

court's ruling against suppression given this determination that the actions of Officer Clymer were legal and no warning was required. Even if it could be successfully argued that the stop was not an "investigative detention" but rather a "custodial detention," the questions asked were in regard to Appellant's identity which is not generally considered the type of investigation necessary to trigger *Miranda*. *Jasper*, 587 A.2d at 708–709. Accordingly, we find no abuse of discretion by the trial court in its ruling. Further, we find that no meritorious argument could have reasonably been made given our review of the record. We agree with Counsel's assertion that this claim is also frivolous.

In addition to examining the sufficiency issue and suppression issue, and agreeing that they are without arguable merit, we have conducted an independent review of the entire record and cannot discern any other potentially non-frivolous issues.

Finding that Counsel complied with *Anders* and deeming this appeal to be frivolous, we grant counsel's request to withdraw and affirm Appellant's judgment of sentence.

Counsel's petition to withdraw **GRANTED**.

Judgment of sentence **AFFIRMED**.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/12/2015